IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FLORENCE MARIE THOMAS,            No. 3:16-cv-00800-HZ

          Plaintiff,

    v.

NANCY A. BERRYHILL, Acting           OPINION & ORDER
Commissioner of Social Security,

          Defendant.


George J. Wall
1336 E. Burnside Street, Suite 130
Portland, Oregon 97214

     Attorney for Plaintiff

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Janice E. Hebert
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1 - OPINION & ORDER

Erin F. Highland
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Plaintiff Florence Thomas brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) and supplemental security income (SSI). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). I affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

    Plaintiff applied for DIB and SSI on December 5, 2011, alleging an onset date of June 15, 2006. Tr. 220-29. Her applications were denied initially and on reconsideration. Tr. 61, 63-73 (DIB, initial); Tr. 62, 74-84, 122-25 (SSI, initial); Tr. 85, 87-100, 129-33 (DIB, reconsideration); Tr. 86, 101-14, 134-39 (SSI, reconsideration). On December 12, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 37-58. On January 9, 2014, the ALJ found Plaintiff not disabled. Tr. 16-36. The Appeals Council denied review. Tr. 5-9.

## FACTUAL BACKGROUND

    Plaintiff alleges disability based on having fibromyalgia, arthritis, and bilateral neuropathy. Tr. 280. At the time of the hearing, she was fifty-three years old. Tr. 41. She completed two years of college and one year of vocational school. Id. She has past relevant

work experience as a pharmacy technician, fast food supervisor/assistant manager, cashier checker, sales clerk, and nursing assistant. Tr. 54.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 21. Next, at steps two and three, the ALJ determined that Plaintiff has severe impairments of fibromyalgia and osteoarthritis, but that these impairments do not meet or equal, either singly or in combination, a listed impairment. Tr. 21-23.

At step four, the ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), § 416.967(b), except during an eight-hour workday she can stand and walk approximately six hours. Tr. 23. She has no limitation in her ability to sit. Id. She should not be required to climb, other than stairs and ramps. Id. She is capable of frequent, but not constant, fine manipulation. Id. She should avoid concentrated exposure to workplace hazards, such as heights and moving machinery. Id.

With this RFC, the ALJ determined that Plaintiff is able to perform her past relevant work of pharmacy technician, fast food supervisor/assistant manager, and sales clerk. Tr. 29.

4 - OPINION & ORDER

Thus, the ALJ determined that Plaintiff is not disabled. Tr. 30.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues that the ALJ erred by finding her subjective limitations testimony not entirely credible. She contends further that when her improperly rejected testimony is credited as true, she is disabled and entitled to benefits.

The ALJ is responsible for determining credibility. Vasquez, 572 F.3d at 591. Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. Carmickle v. Comm'r, 533 F.3d 1155, 1160 (9th Cir.

5 - OPINION & ORDER

2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons'"); see also Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ engages in two-step analysis to determine credibility: First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged"; and second, if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give "specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.") (internal quotation marks omitted).

When determining the credibility of a plaintiff's complaints of pain or other limitations, the ALJ may properly consider several factors, including the plaintiff's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may also consider the ability to perform household chores, the lack of any side effects from prescribed medications, and the unexplained absence of treatment for excessive pain. Id.; see also Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.") (internal quotation marks omitted).

6 - OPINION & ORDER

As the Ninth Circuit explained in <u>Molina</u>;

> In evaluating the claimant's testimony, the ALJ may use ordinary techniques of credibility evaluation.  For instance, the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct, unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and whether the claimant engages in daily activities inconsistent with the alleged symptoms[.]  While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting[.]  Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.

<u>Molina</u>, 674 F.3d at 1112-13 (citations and internal quotation marks omitted).

Plaintiff does not dispute that the ALJ appropriately engaged in the two-step credibility analysis.  Plaintiff's objection is that the reasons the ALJ offered in support of his credibility determination are not convincing.

The ALJ found that Plaintiff's work history, particularly that the record showed her stopping work for reasons unrelated to her impairments, undermined her allegations of disability.  Tr. 24.  Next, the ALJ found that the treatment notes did not support her allegations.  <u>Id.</u>  The ALJ also found that when viewed longitudinally, Plaintiff's treatment appears to have been sporadic, routine, conservative, and not indicative of total disability.  Tr. 26.  The ALJ also found that Plaintiff's having been off of any medication for two years was strong persuasive evidence that her impairments were not as limiting as she alleged them to be.  Tr. 25.  Finally, the ALJ noted his own observations that Plaintiff appeared at the hearing with no assistive devices such as a walker or a cane.  Tr. 29.  She also appeared to walk without difficulty with a normal gait and no discernable limp.  <u>Id.</u>

I agree with Plaintiff that the ALJ erred by relying on Plaintiff's having taken no medication for a period of time. Gaps in medical treatment can support an adverse credibility determination but not if the failure to obtain treatment is due to the claimant's lack of funds or another "good reason[]." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007); see also Soc. Sec. Ruling (SSR) 16-3p (available at 2016 WL 1119029, at *8-9) (Commissioner will not find an individual's symptoms inconsistent with a lack of treatment without considering possible reasons, including the inability to pay for treatment). The record here suggests that Plaintiff was without medical insurance at times. Tr. 319, 497. Without exploring the reasons why Plaintiff stopped taking medication for a time, the ALJ cannot rely on the absence of medication to find Plaintiff not credible.

However, the other reasons provided by the ALJ are clear and convincing and are based on substantial evidence in the record. Plaintiff argues that she left her previous employment because of problems with her hands as well as her desire to stay home to take care of her young son and to avoid a long commute after her move from Oregon to Washington. Plaintiff cites to her hearing testimony to support her assertion that problems with her hands were one of several reasons for her decision to stop working in 2005. But, it is exactly that hearing testimony that the ALJ found was unsupported by the record. Plaintiff cites to no other evidence in the administrative record supporting her contention that a problem with her hands was one of several reasons for quitting her job.

As the ALJ noted, the record contains several references to Plaintiff having stopped working to become a full-time mother or because of her move from Oregon to Washington. Tr. 24 (citing Tr. 558 (Oct. 2013 report to David Morgan, Ph.D. that Plaintiff stopped working as a

8 - OPINION & ORDER

pharmacy technician to be a "full-time mom"); Tr. 497 (Apr. 2012 report to Jamie Carter, Ph.D. that her pharmacy technician job ended when she moved to Washington); Tr. 280 (Pl.'s Dec. 2011 Adult Disability Report stating that she stopped working in 2005 when she "moved from Tigard OR to Vancouver WA and I did not want to commute")).

In evaluating a claimant's credibility, an ALJ may properly rely on a claimant's having stopped work for reasons other than disability. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001). The record supports the ALJ's finding that Plaintiff's hearing testimony, in which she indicated she stopped working because of problems with her hands, is not credible. The ALJ did not err.

Next, as to the ALJ's finding that treatment notes do not support Plaintiff's alleged limitations, Plaintiff argues that ALJ's reasoning "fails" because the ALJ himself found that Plaintiff's severe impairments cause her symptoms. Plaintiff's argument is unconvincing. The ALJ found that Plaintiff has severe impairments which "could reasonably be expected to cause the alleged symptoms[.]" Tr. 24. But, the ALJ explained, Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible for the reasons provided. Id. The ALJ did not, in fact, find that Plaintiff's impairments cause her symptoms. Instead, he found that the impairments *could* cause her symptoms but for the reasons explained, they did not, at least to the extent Plaintiff alleges.

Plaintiff also suggests that her severe impairments do not necessarily cause positive test results, reduced strength, or reduced range of motion and thus, the ALJ's citation to these records does not support his finding that the treatment records are inconsistent with Plaintiff's subjective limitations testimony. But, the ALJ pointed to several entries in treatment notes, not just to test

9 - OPINION & ORDER

results. For example, he noted that in 2008, Plaintiff complained of knee pain and joint stiffness but upon examination, her knees were non-tender and no swelling was appreciable. Tr. 24 (citing Tr. 402-03); see also id. (citing Tr. 402-03 (physician recommended Plaintiff become more active and "consider employment" to which Plaintiff responded she "would like to get a job")). The ALJ cited to a September 2010 treatment note in which Plaintiff reported that she had moved mostly by herself and was looking for a job. Tr. 25 (citing Tr. 490-91); see also id. (physician's note states that Plaintiff looked "well"). The ALJ also cited to x-rays showing that Plaintiff's right hip osteoarthritis was mild. Id. (citing Tr. 494).

      Other medical evidence in the record and discussed by the ALJ includes the April 2012 assessment by examining physician Dr. Heather Mikes, D.O., who observed Plaintiff walk into the exam room without assistance, climb on and off the examination table "with ease," and walk with a steady and stable gait. Tr. 26-27 (citing Tr. 500-05). Dr. Mikes saw "no signs of instability." Tr. 502; see also Tr. 595 (Mar. 2013 treatment note by Dr. Jason Etzer, M.D. stating that Plaintiff ambulated with a normal gait and had no tenderness in her lower extremities).

      Even assuming, as Plaintiff asserts, that her impairments do not necessarily cause positive test results or reduced strength or range of motion, the ALJ did not err in finding that treatment notes do not support Plaintiff's limitations. The ALJ cited to several treatment notes in the record which are inconsistent with Plaintiff's allegations.

      Plaintiff next argues that the ALJ's finding that her treatment has been sporadic, routine, and conservative is not supported and is based on flawed reasoning. After discussing much of the medical evidence, the ALJ wrote that "longitudinally, the claimant's treatment appears to have been sporadic, routine, conservative, and not indicative of total disability." Tr. 26. The

ALJ then explained that "[r]ather, the use or prescription of neoprene braces, muscle relaxers, NSAIDs, and antidepressants is actually persuasive evidence that the claimant is capable of performing modified light exertion work consistent with the [RFC] found in this decision." Id.

Plaintiff contends that the finding is flawed because she is not asserting "total disability" but is claiming limitations in repetitive use of her hands and in standing and walking during the workday. She also argues that the treatment modalities cited by the ALJ actually support her testimony.

While Plaintiff may not be articulating the phrase "total disability," by virtue of her application for DIB and SSI she contends she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a). At the hearing, Plaintiff testified that she is having "a lot of mobility problems" with her legs, Tr. 43, and suffers from shooting pains and spasms in her left leg. Tr. 44. She stated that she sometimes cannot control which direction her leg wants to walk. Id. She described problems with her hands, which she testified were worse in the right hand. Id. She explained she could not put on her pants, could not grip, could not hold a cup of coffee with one hand, and could type with only one finger. Tr. 44-45. She described being unable to sleep, making her exhausted and requiring that she take naps during the day. Tr. 46. She testified she can sit only twenty minutes before needing to change positions, can stand for five to ten minutes before needing to lay down and rest, and spends her day alternating between positions and napping. Tr. 46-48. The ALJ's reference to "total disability" is best understood as a way of capturing the cumulative effect of all of the limitations Plaintiff described. It does not expose

11 - OPINION & ORDER

any "flawed" reasoning.

Additionally, conservative treatment is "sufficient to discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). Although Plaintiff argues that the treatment measures noted by the ALJ support her testimony, she does not explain how or challenge their description by the ALJ as "conservative" or "routine." Even if she did, the ALJ's interpretation of the longitudinal record showing treatment of disabling pain allegations with braces and NSAIDs was not an irrational interpretation of the medical evidence. When the ALJ's interpretation is rational, it must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); Batson v. Comm'r, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004) (court may not substitute its judgment for that of the Commissioner if the Commissioner's interpretation is a rational reading of the record).

Finally, the ALJ relied on his own observations of Plaintiff at the hearing, noting that she appeared with no assistance devices, walked without difficulty, and had a normal gait with no limp. As long s the ALJ's observations are not the sole basis for discrediting a claimant's credibility, they may be considered. SSR 16-3p (available at 2016 WL 119029, at *7) ("The adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file"); Orn, 495 F.3d at 639 (while ALJ's observations of claimant's functioning may not form the sole basis for discrediting claimant's testimony, they may be used in the "overall evaluation of the credibility of the individual's statements") (internal quotation marks omitted).

12 - OPINION & ORDER

The ALJ supported his credibility determination with several reasons. Even though the ALJ erred in relying on the two-year absence of medication, the error is harmless in the presence of others reasons which are supported by substantial evidence in the record. See Batson, 359 F.3d at 1197. Thus, the ALJ's credibility determination is supported by substantial evidence.

## CONCLUSION

The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 21 day of March, 2017

Marco A. Hernandez
United States District Judge

13 - OPINION & ORDER